**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

ODELL THOMAS, a/k/a Oakie

No. 94-5528

Thomas, a/k/a Junior Thomas, a/k/a
Oakie Oaks Thomas, a/k/a Julian
Thomas, a/k/a Odell Thomas, Jr.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                           No. 94-5530

WENDELL THOMAS,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
W. Earl Britt, District Judge.
(CR-93-58)

Submitted: December 14, 1995

Decided: January 3, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carl G. Ivarrson, Jr., Fayetteville, North Carolina; G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Peter J. Curtin, Special Assistant United States Attorney, Fort Bragg, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Odell Thomas ("Odell") and Wendell Thomas ("Wendell") appeal their convictions for conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (1988). The two brothers, along with their brother Lyndell, were convicted of the conspiracy charges following a jury trial. Each brother was also convicted of substantive drug charges. Odell and Wendell's attorneys filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), contending that the evidence was insufficient to support their conspiracy convictions, but asserting that there are no meritorious issues for appeal. Odell and Wendell were notified of their right to file supplemental briefs, but neither has done so.

In evaluating the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the government, and determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Furthermore, we accord the benefit of all reasonable inferences to the government. Tresvant , 677 F.2d at 1021.

The Government offered ample evidence that a conspiracy existed between the three brothers. Undercover agents purchased a total of

2

35.8 grams of crack cocaine from the Thomas brothers over the course of three months in the spring of 1993. The evidence at trial showed that the brothers answered each others' pagers and vouched for each others' credibility with the undercover drug agents. During one telephone conversation, a Government agent spoke with both Odell and Wendell to arrange a sale of crack cocaine, and both brothers were present at the scene of the proposed transaction. Odell introduced himself to the undercover agents as "Wendell's brother" and stated that either he or his brother could provide them with any cocaine they needed. Odell also gave the agents his pager number and Wendell's pager number for future cocaine sales. We find this evidence sufficient to support Odell and Wendell's conspiracy convictions.

In accordance with the requirements of <u>Anders</u>, we have thoroughly examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm the convictions and sentences of Odell and Wendell Thomas.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3